# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                      |   |                                      |
|--------------------------------------|---|--------------------------------------|
| **UNITED STATES OF AMERICA**         | ) |                                      |
|                                      | ) |                                      |
| v.                                   | ) | Criminal Action No. 14-113 (RMC)     |
|                                      | ) |                                      |
| **JUDGE ALSTON,**                    | ) |                                      |
|                                      | ) |                                      |
| **Defendant.**                       | ) |                                      |

## MEMORANDUM OPINION ON SENTENCING

Arrested and charged on May 23, 2014 with possession of cocaine base, also known as crack, with intent to distribute, Mr. Judge Alston immediately began plea negotiations with the United States. His plea agreement admitted to the salient facts and offered a proposed sentencing calculation under the United States Sentencing Guidelines. *See* Dkt. 10. That calculation provided that Mr. Alston's adjusted offense level, after a 3-level reduction for acceptance of responsibility, would be 23 and his criminal history category would be III, resulting in a recommended Guidelines sentence between 57 and 71 months' incarceration. *Id.*

At the sentencing hearing on October 31, 2014, however, both parties asked the Court to take into account a further two-level reduction in the offense level applicable to Mr. Alston. The request was based on a change in drug offense levels proposed by the United States Sentencing Commission on January 17, 2014 to lower base offense levels of various drug quantities by two levels. Anticipating the amended Guidelines, the U.S. Attorney for the District of Columbia has been seeking a two-level reduction in offense levels for certain offenses even before the Commission's formal vote on the amendment.[1] During the sentencing hearing, the Court first recognized that the Guidelines formally in effect on October 31, 2014 recommended a

---

[1] Congress did not object and the amended Guidelines went into effect on November 1, 2014.

sentence in the range of 57 to 71 months' in prison. The Court also agreed to consider the two-level reduction sought by the parties under the amended Guidelines, which would be effective on November 1, 2014, the following day. The amended Guidelines recommended a sentence between 46 and 57 months for offense level 21 and criminal history category III.

Mr. Alston sought a sentence at the low end of the amended Guideline range, that is, a sentence of 46 months. The United States sought a mid-range sentence of 55 months.

The Court writes this Memorandum Opinion on Sentencing to explain its sentence of 60 months, which is higher than the amended Guideline range, and which may be viewed as higher than a Guideline sentence depending on one's view of the status of the amendment to the Guidelines as of sentencing on October 31, 2014, or as of any appeal. According to his plea agreement, Mr. Alston can appeal his sentence only if, *inter alia*, it is higher than the applicable Guidelines range.

Of course, the Guidelines are now non-mandatory recommendations. *United States v. Booker,* 543 U.S. 220 (2005). In addition, the huge discrepancy between sentencing for powder cocaine and cocaine base, also known as crack, has been substantially ameliorated. Specifically, on June 30, 2011, the Sentencing Commission voted to give retroactive effect to U.S. Sentencing Guidelines Amendment 748, which lowered the base offense levels for crack cocaine offenses, and added the amendment to the list in U.S.S.G. § 1B1.10, effective November 1, 2011. *See* U.S.S.G., Supplement to Appendix C, Amendment 748, 750 (made lowered sentencing ranges established by 748 permanent), 759 (made changes retroactive). As a result, Mr. Alston, who admitted distribution of crack within 1000 feet of a school in a prior case, was released early under Amendment 748; his sentence of 57 months was reduced to time served,

effective November 1, 2011.  *See United States v. Alston*, 04-cr-437 (HHK), Order Granting Motion to Reduce Sentence for Crack Cocaine Offense [Dkt. 23].

In this case, the Court sentenced Mr. Alston to 60 months' incarceration because his immediate crime of conviction (possession with intent to distribute crack) was identical to the crime for which he was convicted and sentenced in 2007.  Not only was the crime identical, but it occurred in the same neighborhood *and* while Mr. Alston was on supervised release.  The Court considered the sentencing factors in 18 U.S.C. § 3553(a) and concluded that each—history and characteristics of the Defendant; just punishment; deterrence; protection of the community; and respect for law—warranted a term of incarceration within the range recommended by the Guidelines at the time of sentencing, as well as a term longer the range recommended by the amended Guidelines, effective the next day.

The Court considered the Commission's amendment to the Guidelines in full, although not mentioned in the parties' sentencing memoranda.  Nonetheless, considering Mr. Alston's recidivism in preying on the same neighborhood while on supervision and that he clearly did not learn from the consequences of his 2007 crime, the Court found that the policies animating the amendment do not apply to Mr. Alston and that the community needs better protection from him.  *See* Sentencing Transcript.

For these reasons, on October 31, 2014, Mr. Alston was sentenced to a term of incarceration of 60 months for his conviction of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).

Date: November 6, 2014                                           /s/
                                                          ROSEMARY M. COLLYER
                                                          United States District Judge